IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROBERT WILLIAMS,** | |
| **Plaintiff,** | |
| v. | 1:05-cv-3056-WSD |
| **DEKALB COUNTY, et al.** | |
| **Defendants.** | |

### ORDER AND JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment for Damages Against Defendant Ronald Jones ("Damages Motion") [60]. This is an action for violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983. Defendant DeKalb County police officer Jones detained Plaintiff, took him to an abandoned wooded area, and beat, stabbed, and attempted to shoot Plaintiff. Plaintiff was arrested as a result of Defendant Jones's false statements to investigators that Plaintiff had kidnapped and assaulted him. Based on this false statement, Plaintiff was charged with kidnapping, armed robbery, and attempted murder.

On December 10, 2005, the Complaint was served on Defendant. Defendant did not answer the Complaint, and Plaintiffs moved for default

judgment against Defendant on August 8, 2006.  Pursuant to this Court's January 4, 2007 Order, the Clerk of Court entered default against Jones on January 4, 2007. On June 25, 2007, the Court held a damages hearing on Plaintiff's Motion for Default Judgment.  On July 6, 2007, Plaintiff filed his Damages Motion enumerating the bases upon which he seeks damages.  Defendant has not responded to any of Plaintiff's motions, and pursuant to Local Rule 7.1B, the Motion for Default Judgment and Damages Motion are deemed unopposed.  L.R. 7.1B, N.D. Ga.

The Court has considered the motions and Plaintiff's request for judgment for violations of his constitutional rights under § 1983.  Plaintiff requests $1.5 million in compensatory damages for his physical injuries, $2 million in compensatory damages for his emotional injuries, $750,000 in punitive damages, and $6,250 in attorney's fees and costs of litigation.  (Damages Motion, at 5-6.)

"In addition to damages based on monetary loss or physical pain and suffering, under the law a § 1983 plaintiff also may be awarded compensatory damages based on demonstrated mental and emotional distress, impairment of reputation, and personal humiliation."  Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000).  Moreover, punitive damages are permitted in an action under

§ 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  Lambert v. Fulton County, 253 F.3d 588, 597 (11th Cir. 2001).

Based on the evidence adduced at the damages hearing, the Court finds that an award of compensatory damages for Plaintiff's physical pain and suffering and emotional distress is reasonable and appropriate.  Plaintiff suffered relatively severe physical injuries and continues to suffer some degree of emotional distress due to the incident.  The Court also finds that punitive damages are appropriate because Defendant Jones's conduct was motivated by at least a reckless and callous indifference to Plaintiff's federally protected rights.  Finally, the Court finds Plaintiff is entitled to recover his reasonable costs in this litigation.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff is entitled to compensatory damages in the total principal sum of Five-Hundred Thousand Dollars ($500,000.00) and punitive damages in the total principal sum of Two-Hundred and Fifty Thousand Dollars ($250,000.00).

**IT IS FURTHER ORDERED** that Defendant shall further pay Plaintiff's

attorney's fees and costs of suit herein in the amount of Six Thousand Two-Hundred Fifty Dollars ($6,250.00).

**SO ORDERED** this 29th day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE